# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 28, 2020

Lyle W. Cayce
Clerk

No. 19-30229

CARLWYNN J. TURNER,

Plaintiff-Appellant

v.

N. BURL CAIN; DARREL VANNOY; LESLIE DUPONT,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:12-CV-598

Before SMITH, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Carlwynn J. Turner, Mississippi prisoner # 94983, seeks to proceed in forma pauperis (IFP) on appeal of the denial of his 42 U.S.C. § 1983 civil rights complaint. By moving to proceed IFP, Turner is challenging the district court's certification that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into Turner's good faith "is limited to whether the appeal involves legal points arguable on their merits

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Turner fails to address any of the district court's conclusions underlying its certification decision and does not provide any arguments challenging that decision. Pro se briefs are afforded liberal construction. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if he had not appealed. *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because Turner has failed to challenge any factual or legal aspect of the district court's grant of summary judgment to the defendants or the certification that his appeal is not taken in good faith, he has abandoned the critical issue of his appeal. *See id.* Thus, the appeal lacks arguable merit. *See Howard*, 707 F.2d at 220.

Accordingly, the IFP motion is DENIED. Additionally, because this appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 n.24. Our dismissal of this appeal counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Turner is CAUTIONED that if he accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is under imminent danger of serious physical injury.